# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT BRITTON,**

                 **Plaintiff,**

**-vs-**                                                              **Case No.  6:06-cv-592-Orl-28GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

                 **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **MOTION FOR RELIEF FROM JUDGMENT (Doc. No. 13)**
>
> **FILED:**      **October 17, 2007**
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      Plaintiff, Robert Britton ("Britton"), moves pursuant to Fed. R. Civ. P. 60(b)(6) to set aside the judgment entered on September 14, 2006, and to reopen the case.  For the reasons set forth below, the Court recommends that the motion be granted.

**I.**      **PROCEDURAL HISTORY**

      Britton commenced this action by filing his complaint in district court on May 1, 2006.  Docket 1.  On August 9, 2006, the Commissioner moved to dismiss the Complaint or, in the alternative, for summary judgment, based on the untimely filing of the Complaint.  Docket 7.  Britton did not respond to the Commissioner's motion, nor did he object to the magistrate judge's Report and Recommendation

that the Court grant the Commissioner's motion and dismiss the case. On September 13, 2006, the Honorable John Antoon II adopted the Report and Recommendation, and judgment in favor of the Commissioner was entered on September 14, 2006. Docket 9, 10.

Attorney Juan Gautier ("Gautier") represented Britton in this action. An attorney grievance matter was brought against Gautier on June 8, 2006. *In re Gautier*, United States District Court, Middle District of Florida, Case No. 6:06-mc-00057-PCF-DAB. On October 19, 2006, the Court suspended Gautier as a member of the Bar of the Court, and ordered Gautier to resign his membership and not reapply for three years. *In re Gautier*, Docket 2. Sarah Bohr was appointed as Inventory Attorney in all of Gautier's cases, which estimated 49 cases, and she sought counsel for the plaintiff in each case. *Id*. She was directed "to take steps to protect the interests of his clients by seeking appropriate extensions of time otherwise ensuring, to the extent possible, that the clients received proper representation." Docket 13-2.

In August 2007, Attorney Suzanne Harris agreed to represent Britton. Docket 13-2 at 18-9. On August 21, 2007, Britton requested that the Social Security Appeals Council ("SSAC") grant an extension of time to file his complaint in federal court. Docket 13-2 at 1-19. On September 24, 2007, the SSAC granted Britton an extension of time to file his complaint until May 1, 2006, the date he actually filed his complaint. Docket 13-2 at 20.

On October 16, 2007, Britton filed the instant motion to set aside the judgment. The Commissioner did not oppose the motion. The Court requested supplemental briefing from the parties as to whether jurisdiction in this case could be created retroactively based on the Appeals Council's post-judgment extension of time. The parties have submitted their briefs and the matter is ripe for

determination. Both parties concede that *Bowen*[1] is controlling, such that Section 405(g) is not jurisdictional. Rather, Section 405(g) operates as a period of limitations and is subject to equitable tolling.

## II.    ANALYSIS

Plaintiff filed the instant motion requesting relief pursuant to Federal Rule of Civil Procedure 60(b). Under Federal Rules of Civil Procedure 60(b)(1), the Court may set aside its orders on the basis of "mistake, inadvertence, surprise, or excusable neglect," and under Rule 60(b)(6), the Court may set aside its order "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6) (2007). Such motions shall be made within a reasonable time, and under Rule 60(b)(1), motions must be made no more than a year after the entry of the judgment. *Id.* Judgment was entered on September 14, 2006, and the present motion was filed on October 17, 2007. Docket 10, 13. Accordingly, the Court will only determine whether there is any other reason justifying the requested relief within the meaning of Rule 60(b)(6).

### A.    42 U.S.C. § 405(g)

Pursuant to 42 U.S.C. Section 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party. . .may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision *or within such further time as the Commissioner of Social Security may allow*." 42 U.S.C. § 405(g) (emphasis added). The SSAC retroactively extended the Plaintiff's deadline for filing his Complaint to May 1, 2006, the date on which his Complaint was actually filed. Accordingly, the

---

[1] The Supreme Court has held that the sixty-day requirement of Section 405(g) "is not jurisdictional but rather constitutes a statute of limitations. Equitable tolling of that requirement is consistent with Congress' intent in enacting § 405(g), and on the facts of this case the equities are in favor of tolling." *Bowen v. City of New York*, 476 U.S. 467, 467-8 (1986).

Plaintiff's Complaint is timely filed pursuant to the SSAC's Order and Section 405(g).[2]

### B.      Extraordinary Circumstances

The catch-all provision of Rule 60(b)(6) is "an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). The Court finds that extraordinary circumstances exist to provide the Plaintiff relief. Plaintiff, to his detriment, retained Juan Gautier as counsel to appeal the decision of the Commissioner denying Plaintiff disability benefits. Plaintiff's case was dismissed because, contrary to what Plaintiff had been told by his counsel, Gautier did not timely file the appeal with the District Court. Plaintiff attempted communication with Gautier for several months and received no response. Docket 13-2 at 4. In the interim, judgment was entered in the Commissioner's favor. Ultimately, Gautier was suspended as a member of the Bar of this Court due to his gross, inexcusable neglect. Plaintiff became aware of Gautier's suspension in December 2006 after the Florida bar intervened and designated all of Gautier's clients an inventory attorney. Substitute counsel was not arranged until August of the following year. The Court emphasizes that the Plaintiff's complaint was dismissed through no fault of his own, and in the interest of justice, relief should be granted. Furthermore, the Commissioner did not oppose the relief requested in the Plaintiff's motion.

Accordingly, it is

Recommended that the Plaintiff's Motion for Relief from Judgment [Docket Number 13] be **GRANTED**.

Failure to file written objections to the proposed findings and recommendations contained in this

---

[2]*Bowles v. Russell*, 127 S. Ct. 2360 (2007) does not change the outcome of the present case even if the timely filing of the appeal is jurisdictional. The Complaint was timely pursuant to the SSAC Order.

report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 5, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable John Antoon II
Counsel of Record
Unrepresented Party
Courtroom Deputy