**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBERT BRITTON,**

                **Plaintiff,**

**-vs-**                                                                    **Case No.  6:06-cv-592-Orl-28GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ATTORNEY FEES (Doc. No. 23)** |
| **FILED:** | **May 27, 2008** |
| | **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. |

    On February 28, 2008, a judgment was entered remanding this case to the Commissioner of Social Security ("Commissioner") pursuant to sentence six of 42 U.S.C. § 405(g).  Doc. No. 22.  Plaintiff now moves for an award of attorney fees as the prevailing party pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") ("Motion").  Doc. No. 23.  Plaintiff requests attorneys' fees in the amount of $1,790.50. *Id*. at ¶ 6.  According to counsels' affidavits (Doc. No. 24), Suzanne Harris, Esq. performed at total of 9.0 hours of work, and Sarah H. Bohr, Esq. performed 1.8 hours of work for a total of 10.8 hours. *Id*. at ¶ ; see also Doc. Nos. 24, 25.  They request an hourly rate of $162.01 per hour for the 1 hour of work performed in 2006, an

hourly rate of $168.62 for the 8.4 hours of work performed in 2007, and an hourly rate of 172.46 per hour for the 1.4 hours of work performed in 2008.  Doc. No. 23 at ¶ 6.  The Plaintiff complied with Local Rule 3.01(g), but states that at the time the Motion was filed counsel for the Commissioner did not yet know whether or not the Commissioner objected.  *Id.* at ¶ 7.  On June 17, 2008, the Commissioner filed a response in opposition to the Motion.  Doc. No. 27.  According to the Commissioner, when a case is remanded under sentence six of Section 405(g), a plaintiff is not a "prevailing party" unless and until such time as benefits are actually awarded on remand.  Doc. No. 27 at 2-3.

The Ninth Circuit Court of Appeals has concluded that a plaintiff becomes a prevailing party under sentence six only after the agency determines on remand that benefits should be awarded.  *Flom v. Holly Corp.*, Case No. 06-35954, 2008 WL 1924944 (9th Cir. May 1, 2008) ("Even when a court remands such a case pursuant to 'sentence six' and retains jurisdiction over the case, the claimant is a prevailing party **if** the agency determines on remand that the claimant is entitled to benefits.") (*citing Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007)) (emphasis added).  The Federal Circuit Court of Appeals has explained that: "a remand granting the party relief on the merits with retention of jurisdiction . . . creates a prevailing party . . . if the party obtains the benefits it sought before the agency."  *Former Employees of Motorola Ceramic Products v. United States*, 336 F. 3d 1360, 1367 (Fed. Cir. 2003).   The Sixth Circuit Court of Appeals has held that: "Although a sentence six remand, by itself, is not a sufficient basis for a litigant to claim 'prevailing party' status, *e.g., Sims v. Apfel*, 238 F.3d 597, 600 (5th Cir. 2001), the result of subsequent administrative proceedings is sufficient to confer prevailing party status upon that same litigant."  *Marshall v. Commissioner*, 444 F.3d 837, 841 (6th Cir. 2006).  Indeed,

the Eleventh Circuit has also indicated that a plaintiff only becomes the prevailing party on a sentence six remand after receiving a favorable decision on remand. *Jackson v. Chater*, 99 F.3d 1086, 1097 (11th Cir. 1996) ("Because [claimant] succeeded on remand, at least in part on sentence-six grounds, judgment must be entered in his favor by the district court, and [claimant] will be a prevailing party under that judgment"). Thus, because Plaintiff's case was remanded solely under sentence six of Section 405(g) and because Plaintiff has yet to be awarded benefits on remand, the Motion is premature and must be denied.

**THEREON** it is **RECOMMENDED** that the Plaintiff's Motion be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on July 1, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable John Antoon, II
Counsel of record